# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHIGAN AUTO MART, LLC, a
Michigan Limited Liability Company,                     Case No. 13-
                                                        Hon.
                             Plaintiff,

v.

NORTHGATE FORD, INC., a Michigan
Corporation,

                             Defendant.
_____/
ROMANO LAW, PLLC
By:    Eric Stempien (P58703)
Attorneys for Plaintiff
23800 Woodward Ave.
Pleasant Ridge, MI 48069
(248)750-0270
estempien@romanolawpllc.com
_____/

*There is no other pending or resolved civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint.*

## COMPLAINT AND JURY DEMAND

Plaintiff, Michigan Auto Mart, LLC, by and through its attorneys, Romano Law, PLLC, hereby complains against Defendant Northgate Ford, Inc., and in support thereof states:

## GENERAL ALLEGATIONS

1. Plaintiff Michigan Auto Mart, LLC (hereinafter "Auto Mart") is a Michigan limited liability company with its principal place of business located in the City of Port Huron, St. Clair County, Michigan.

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

2. Defendant Northgate Ford, Inc. (hereinafter "Northgate") is a Michigan corporation with its principal place of business located in the City of Port Huron, St. Clair County, Michigan.

3. Jurisdiction is vested in this Court pursuant to 28 USC §1331.

4. Auto Mart is a seller of pre-owned automobiles.

5. Northgate is a seller of pre-owned automobiles.

6. Throughout the calendar years 2012 and 2013, Northgate has engaged in an established pattern of false and misleading advertising statements about its products in violation of Section 43(a) Lanham Act, 15 USC §1115.

## COUNT I
## VIOLATION OF LANHAM ACT

7. Plaintiff hereby incorporates all previous paragraphs of this Complaint as if fully set forth herein.

8. Northgate made many false and/or misleading statements of fact in its commercial advertising or promotion, including, but not limited to:

    a. Statements that its vehicles were being sold at or below wholesale;
    b. Statements that it was selling bank owned vehicles;
    c. Statements that potential customers could purchase a vehicle for $0 down and $99 per month (or alternatively $115 per month; or alternatively $129 per month);
    d. Statements that vehicles were being discounted due to a major slump in the car industry;
    e. Statements that all vehicles were marked down to rock-bottom prices;
    f. Statements that vehicles were being sold at 40% off original manufactured suggested retail price;
    g. Statements that vehicles were available for purchase for pennies on the dollar;
    h. Statements that vehicles not sold by a particular date would be sent to auction;
    i. Statements that potential consumers will be granted credit amnesty in order to qualify for an automobile loan;

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN. SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

2

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN. SUITE 1500  •  SOUTHFIELD, MICHIGAN 48076  •  (248) 750-0270

j. Statements that vehicles were being offered at a reduced price when the former price was in fact not a bona fide price ever charged by Northgate;
k. Statements that vehicles will be sold for thousands below wholesale value;
l. Statements that vehicles will be sold at bottom-line prices regardless of profit or loss;
m. Statements that banks have released titles on truck loads of vehicles and that all such vehicles must be sold immediately to release liens;
n. Statements that vehicles being sold include bank repossessions, off-lease, trades and over-aged inventory;
o. Statements that certified appraisers would be onsite to assure that top dollar would be paid to consumers for trade-in vehicles;
p. Statements that vehicles must be discounted to near wholesale prices;
q. Presentation of a customer assistance voucher purporting to provide consumers with a $2,500.00 voucher towards the purchase of a vehicle;
r. Statements that many vehicles prices have been drastically reduced.

9. Such statements were literally false.

10. If such statements were not literally false, the statements were likely to mislead, confuse or deceive consumers.

11. The statements were used in multiple commercial advertisements and promotions.

12. The statements were material, in that they were deceptive, or were likely to deceive.

13. The statements were used in interstate commerce.

14. The statements cause, or are likely to cause, Auto Mart significant competitive or commercial injury.

15. Northgate's violaitons of the Lanham Act were willful and deliberate.

16. As a direct and proximate result of Northgate's violation of the Lanham Act, Auto Mart has suffered damages and is entitlted to any and all remedies available under the Lanham Act, 15 USC §1116 and 15 USC §1117.

WHEREFORE, Plaintiff Michigan Auto Mart, LLC prays that this Honorable Court provide the following relief to it for Defendant Northgate Ford Inc.'s violation of the Lanham Act:

a. Entry of a judgment with an award of monetary damages as set forth in 15 USC §1116;
b. Appropriate injunctive relief as set forth in 15 USC §1117;
c. Attorney fees as set forth in 15 USC §1117;
d. Any and all other relief that this Court deems fair and just under the circumstances of this case.

## JURY DEMAND

Plaintiff, Michigan Auto Mart, LLC, by and through its attorneys Romano Law, PLLC, hereby demands a trial by jury.

ROMANO LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff
23880 Woodward Ave.
Pleasant Ridge, MI 48069
(248)750-0270

Dated: November 13, 2013

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270